UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CECILY BREWER, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-197 |
| § | |
| SUZUKI MOTOR OF AMERICA, INC., *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Suzuki Motor Corporation's ("SMC") Motion to Quash for Insufficient Process, Doc. 7, and Defendant Suzuki Motor of America, Inc.'s ("SMAI") Motion to Dismiss, Doc. 8. After considering the motions, responses, replies, and the applicable law, the Court grants both motions.

**I.     Background**

In this product liability suit, Plaintiffs allege defects in a 2011 Suzuki Kizashi automobile (the "Vehicle") caused Kevon Moore ("Decedent") to suffer injuries and death following a fire in the Vehicle's fuel system. Defendants are SMC, the manufacturer of the Vehicle, and SMAI, a subsidiary of SMC in the United States. SMC is incorporated under the laws of Japan. Doc. 1.

On January 23, 2015, Plaintiffs attempted to serve SMC by mailing process to the Texas Secretary of State to forward to SMC. Doc. 6. On the same date, Plaintiffs attempted to serve SMAI by mailing process to SMAI's registered agent for service of process in Dallas, Texas. *Id*.

**II.    SMC's Motion to Quash for Insufficient Process**

A plaintiff may serve a foreign defendant directly or by serving its domestic subsidiary. When serving a foreign defendant directly, service must comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361

("Hague Convention"), but only "if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694 (1988)). "In determining whether service involves the transmittal of documents abroad, courts are to look to the method of service prescribed by the internal law of the forum state." *Id.* In Texas, service on nonresidents is permitted under Tex. Civ. Prac. and Rem. Code Ann. tit. 2, § 17.043 (2015). If service is made pursuant to § 17.043, "a copy of the process and notice of the service must be immediately mailed to the nonresident or the nonresident's principal place of business." *Id.* § 17.045. District courts in the Fifth Circuit have found that service of process on foreign defendants under § 17.043 triggers the requirements of the Hague Convention. *See, e.g.*, *Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*, 54 F. Supp. 2d 691, 693 (S.D. Tex. 1999) (Norwegian vessel manager); *Sang Young Kim v. Frank Mohn*, 909 F. Supp. 474, 479 (S.D. Tex. 1995) (Norwegian valve manufacturer); *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. 3:99-CV-2004P, 2000 WL 251731, at *4 (N.D. Tex. Mar. 3, 2000) (Japanese video game developer). Under the Hague Convention, a plaintiff serving a foreign defendant must forward a copy of the process and notice of the service to the central authority of the nation where the defendant resides. Hague Convention, art. 3, 20 U.S.T. 361.

Indirect service of process, i.e. service upon a foreign defendant by serving its domestic subsidiary, is valid when the defendant has "actually authorized" the subsidiary to accept service of process on its behalf. *Lisson v. ING Groep N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007). If a foreign defendant has not actually authorized the subsidiary, service of process by serving the subsidiary is valid only if "[t]he relationship between the subsidiary and parent [is] such that they are in reality the same corporation. Typically, this requires the corporate separation to be a

fiction." *Special Indus., Inc. v. Zamil Group Holding, Co.*, 578 F. App'x 325, 332 (5th Cir. 2014) (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159—60 (5th Cir. 1983)).

Here, Plaintiffs have not shown they served SMC directly by forwarding the documents to the central authority in Japan pursuant to the Hague Convention. *See Paradigm*, 2000 WL 251731, at *4 (holding that under the Hague Convention, "a showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the court"). Plaintiffs have not shown they properly served SMC indirectly by serving SMAI. Plaintiffs have made no showing that SMC authorized SMAI to receive service on its behalf or that SMC and SMAI are the same corporation.

**III.    SMAI's Motion to Dismiss or, in the Alternative, for Summary Judgment**

    **A.  Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

    **B.  Discussion**

Plaintiffs and SMAI disagree as to whether two documents outside Plaintiffs' pleadings should be excluded from SMAI's motion to dismiss. First, the motion to dismiss refers to SMAI's Application for Registration as a Foreign Corporation ("Application") submitted to the Texas Secretary of State, which states SMAI's date of formation was October 21, 2012 and describes SMAI as a "wholesale distributor of Motorcycles, ATVs, Outboard Motors, and related

parts and accessories." Doc. 8-1 at 1. The motion to dismiss also refers to a 2013 confirmation order from the United States Bankruptcy Court of the Central District of California that incorporates the terms of an asset purchase agreement ("Agreement") between SMAI and the American Suzuki Motor Corporation ("ASMC"). Doc. 8-4. According to SMAI, ASMC was the distributor of all Suzuki automobiles in the continental United States until its bankruptcy petition date in 2013. Doc. 8 at 8. (citing Order And Memorandum Opinion to Proof of Claim No. 520-1, 494 B.R. 466 (Bankr. C.D. Cal. 2013)). The confirmation order provides that SMAI "shall not be liable for any Liens, Claims, encumbrances or interests" from the purchase, "including those based on Successor Liability." Doc. 8-4 ¶ 14.

In considering a motion to dismiss under Rule 12(b)(6), the Court may take judicial notice of facts "determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). These include "records of the court", *id.* advisory committee's notes, and "matters of public record," *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (letter from the Food and Drug Administration); *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-CV-1831, 2013 WL 5372529, at *3 (S.D. Tex. Sept. 24, 2013) (corporate filings with the Texas Secretary of State). Taking judicial notice of public records "directly relevant to the issue at hand" is proper in a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk* 631 F.3d at 780.

Here, SMAI's Agreement with ASMC shows SMAI is not a successor in liability to ASMC, the distributor of all Suzuki vehicles, for personal injury claims based on product liability. In addition, the Application shows SMAI did not exist until October 21, 2012, whereas the Vehicle was a 2011 model vehicle. Doc. 1 ¶ 42; Doc. 8-1 at 1. The Application also shows

SMAI distributed motorcycles, ATVs, and outboard motors but does not mention automobiles. Doc. 1 ¶ 65; Doc. 8-1 at 1. Plaintiffs do not dispute these facts but only dispute whether the Application and Agreement are admissible. The Court takes judicial notice of these documents as public records directly relevant to the issue at hand.

### IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Quash, Doc. 7, is **GRANTED**, and

**ORDERED** that Plaintiffs will have sixty (60) days from the date of the entry of this order to effect proper service on SMC pursuant to the Hague Convention.  In the event Plaintiffs fail to make service on SMC by this date, to the extent they have not shown good cause and obtained an extension of time from the Court, all claims against SMC will be dismissed.

**ORDERED** that the Motion to Dismiss or, in the Alternative, for Summary Judgment, Doc. 8, is **GRANTED** and Plaintiffs' case against SMAI is **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this 17th day of July, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE