United States District Court
Southern District of Texas
**ENTERED**
August 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CECILY  BREWER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-00197 |
| | § | |
| SUZUKI MOTOR OF AMERICA, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending in the above-referenced cause are Defendant Brewskis No. 3, LLC, D/B/A Brewskis Pub & Patio – Katy's ("Brewskis") Motion for Leave to Designate Responsible Third Party ("Motion to Designate") (Doc. 36); Plaintiffs' Motion for Leave to File Amended Pleading ("First Motion for Leave to Amend") (Doc. 38); Plaintiffs' Motion for Leave of Court to File Plaintiffs' Third Amended Petition for Damages ("Second Motion for Leave to Amend") (Doc. 42); and Suzuki Motor of America, Inc.'s Rule 12(b)(6) Motion to Dismiss Based on Prior Dismissal with Prejudice ("Motion to Dismiss") (Doc. 47). After considering the motions, responses, replies, relevant law, and for the reasons set forth below, the Court concludes that Brewskis' Motion to Designate should be granted and Plaintiffs' Second Motion for Leave to Amend should be granted in part and denied in part. Accordingly, Plaintiffs' First Motion for Leave to Amend and SMAI's Motion to Dismiss are moot.

### I.  Background

This case arises from a fatal crash that occurred on December 13, 2014. (*See* Doc. 1 at ¶ 42.) On that fateful evening, Kevon Moore ("Moore") was behind the wheel of passenger Erick Reyna's ("Reyna") 2011 Suzuki Kizashi when they departed Brewskis. (Doc. 36 at ¶ 1.) The vehicle was subsequently involved in a single-car collision in which Moore was killed. (*Id.*)

The parties dispute whether the vehicle was defective, Reyna was negligent in entrusting his vehicle to Moore, or Moore was drunk, fatigued, or both. What is clear, however, is that Plaintiffs—Moore's surviving spouse and minor children—understandably seek someone to blame. However, in their efforts to do so, they have frequently changed strategies by asserting, dropping, and then attempting to reassert a number of claims against various parties over the course of this litigation. (*Compare* Doc. 1, *with* Doc. 18, *and* Doc. 39, *and* Doc. 43.) Plaintiffs' original theory of liability was that SMAI and its parent, Suzuki Motor Corporation ("SMC"), had negligently marketed and sold a defective vehicle, the malfunction of which caused Moore's death. (*See* Doc. 1.) A few months later, Plaintiffs expanded their theory, adding Brewskis to the suit and asserting dram-shop claims against it. (*See* Doc. 18.)

On May 5, 2015, this Court entered its Scheduling Order in this case, designating December 1, 2015, as the deadline for motions to join parties and amend pleadings. (Doc. 17.) On July 5, 2015, this Court issued an Opinion and Order granting SMC's Motion to Quash for Insufficient Process and SMAI's Motion to Dismiss. (Doc. 20.) Relying on records showing that the vehicle involved in the accident was a 2011 make, SMAI was not responsible for distribution of Suzuki vehicles prior to 2013, and SMAI had disclaimed all successor liability when it assumed distributorship after its predecessor filed bankruptcy, SMAI was dismissed from the case with prejudice. (*Id.*) Plaintiffs subsequently filed an amended Motion and Order for Dismissal without Prejudice as to SMC (Doc. 24), and SMC was dismissed from the case on October 9, 2015 (Doc. 26). The same day, Plaintiffs filed their Second Amended Complaint, which asserted dram-shop and wrongful-death claims against Brewskis alone. (Doc. 25.)

Two days after the amendment deadline passed, the sole remaining defendant, Brewskis, filed its pending Motion to Designate, seeking to designate Moore, Reyna, SMAI, and SMC as

responsible third parties under Texas Civil Practice and Remedies Code § 33.004. (Doc. 36.) Eleven days later, Plaintiffs sought leave of court to amend their complaint to drop their wrongful-death claim and survival action against Brewskis and proceed only on their dram-shop claim. (Docs. 38, 39.) On this basis, Plaintiffs filed their opposition to Brewskis' Motion to Designate. (Doc. 40.) Two months later, however, Plaintiffs changed tack again. This time, Plaintiffs sought leave of court to amend their complaint to add Reyna and SMAI as defendants, reassert their wrongful-death claim against Brewskis, bring a new claim for negligent entrustment against Reyna, and assert other long-abandoned theories of liability against SMAI. (Docs. 42, 43.) In response, SMAI filed its pending Motion to Dismiss. (Doc. 47.) All of these motions are now ripe for consideration.

## II. Brewskis' Motion for Leave to Designate Responsible Third Parties

Brewskis seeks to designate Moore, Reyna, SMC, and SMAI as responsible third parties, arguing that each of these persons caused or contributed to the harm for which Plaintiffs seek to recover. (Doc. 36.) Brewskis alleges that although Plaintiffs' theory is that Moore was intoxicated at the time of the accident, the accident report indicates he may have been asleep or fatigued. (*Id.* at ¶ 1.) Under either scenario, Brewskis argues that Moore may have incompetent or reckless, thereby contributing to his own death and warranting his inclusion as a responsible third party. (*Id.* at ¶¶ 1, 6.)

Citing the allegations in Plaintiffs' original complaint, Brewskis also contends that SMC may be responsible for a product defect in the Suzuki that Moore was operating when the accident occurred. (*Id.* at ¶¶ 2, 3, 4.) Similarly, in seeking to designate SMAI as a responsible third party, Brewskis points to Plaintiffs' original allegations that SMAI was responsible for the accident as the marketer and distributer of that vehicle. (*Id.* at ¶ 5.) Finally, because he was the

owner of and passenger in the ill-fated Suzuki, Brewskis identifies Reyna as a responsible third party under a negligent-entrustment theory. (*Id.* at ¶ 1.)

Plaintiffs oppose on the ground that if their pending First Motion for Leave to Amend—which was filed only 10 days after Brewskis' Motion to Designate—is granted then the only live claim in the suit will be for dram-shop liability. (Doc. 40.) Because none of the responsible third parties named by Brewski are "providers" as required for liability under the Texas Dram Shop Act, Plaintiff argues, "there is no way that the[y] . . . could reasonably be responsible under Plaintiffs['] theories as pled." (*Id.* at 2.) In reply, Brewskis cites two Texas Supreme Court cases and argues that "Texas law is well-settled that Chapter 33 applies to dram shop claims." (Doc. 41 at ¶ 1.)

### a.  Legal Standard

Section 33.004 of the Texas Civil Practice and Remedies Code governs the designation of responsible third parties. Under that section, "[a] defendant may seek to designate a person as a responsible third party by filing a motion . . . . on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." Tex. Civ. Prac. & Rem. Code § 33.004(a). A responsible third party may include "*any person* who is alleged to have caused or contributed to causing *in any way the harm* for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *Id.* § 33.011(6) (emphasis added). In light of this broad language and the explicit exclusion of certain actions from Chapter 33's coverage, *see id.* § 33.002(c), the Texas Supreme Court has concluded that Chapter 33 applies to all Dram Shop Act claims. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 682, 687 (Tex. 2007).

"If the court gives leave to designate a responsible third party and there is evidence sufficient to submit a question to the jury regarding the conduct of the party, then the trier of fact determines the percentage of responsibility of the claimants, defendants, settling persons (if any), and any responsible third parties." *Fisher v. Halliburton,* Nos. H–05–1731, H–06–1168, H–06–1971, 2009 WL 1098457, at *1 (S.D. Tex. Apr. 23, 2009) (citing Tex. Civ. Prac. & Rem. Code § 33.003). A defendant may liberally designate responsible third parties. *Id.* However, the designation of a person as a responsible third party or a finding of fault against that person "does not by itself impose liability on the person" and "may not be used in any other proceeding . . . to impose liability on the person." Tex. Civ. Prac. & Rem. Code § 33.004(i). Thus, even parties "'who are not subject to the court's jurisdiction or who are immune from liability to the claimant' can be designated responsible third parties under the statute." *Fisher v. Halliburton*, 667 F.3d 602, 621–22 (5th Cir. 2012) (quoting *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.)).

The trial court must grant leave to designate a responsible third party "unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." Tex. Civ. Prac. & Rem. Code § 33.004(f). If another party does file a timely objection, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes that the defendant failed to plead or replead "sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure." *Id.* § 33.004(g)(l), (2).

Under Rule 47 of the Texas Rules of Civil Procedure, a pleading must contain "a short statement of the cause of action sufficient to give fair notice of the claim." Tex. R. Civ. P. 47 (a). The rules "[do] not require that the plaintiff set out in his pleadings the evidence upon which he

relies to establish his asserted cause of action." *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988) (citing *Edwards Feed Mill v. Johnson*, 311 S.W.2d 232, 234 (1958)). Thus, "a petition will be construed liberally in favor of the pleader." *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982). Given this liberal approach, courts in the Southern District of Texas have recognized with regard to motions to designate responsible third parties that "the pleading requirements at the outset are not stringent." *Dhaliwal v. Vanguard Pharm. Mach., Inc.*, No. H–08–2452, 2010 WL 231755, at * 1 (S.D. Tex. Jan. 20, 2010). In spite of this lenient approach to brining in a responsible third party, however, questions regarding a responsible third party's conduct may not be submitted to the jury without sufficient evidence to support the submission. Tex. Civ. Prac. & Rem. Code § 33.003(b).

### b. Analysis

The Court has no doubt that Brewskis' motion should be granted. First, as Brewskis points out in its reply, it is well established that Chapter 33 applies to dram-shop claims. *See F.F.P. Operating Partners*, 237 S.W.3d at 682, 687. Second, Brewskis' allegations meet the lenient standards of the Texas Rules of Civil Procedure—the nature of each responsible third party's alleged responsibility is spelled out in the complaint. Whether there will ultimately be sufficient evidence at the end of discovery to submit a question to the jury as to each of the responsible third parties' conduct is a question for another day.

### III. Plaintiffs' Motions to Amend and SMAI's Motion to Dismiss

On December 14, 2015—ten days after Brewskis' Motion to Designate was filed—Plaintiffs filed their First Motion for Leave to Amend, seeking to drop their wrongful-death claim and survival action against Brewskis. (Docs. 38, 39.) Plaintiffs make this request because "[a]fter more due diligence and research," they determined that this cause of action was

unwarranted. (Doc. 38 at 2.) Plaintiffs argue that Brewskis will not be prejudiced and neither the Court nor Brewskis will be burdened by the requested amendment because removal of a cause of action will simplify, rather than complicate or delay, the case. (*Id.* at 3.)

On the basis of this attempt to amend, the same day Plaintiffs filed their opposition to Brewskis' attempt to designate Reyna, Moore, SMAI, and SMC as potentially responsible third parties. (Doc. 40.) However, presumably to prepare for the possibility that Brewskis' Motion to Designate was granted, on February 3, 2016, Plaintiffs then filed their Second Motion for Leave to Amend. (Doc. 42.) In this motion, Plaintiffs seek to add Reyna and SMAI as additional named defendants; add a claim for negligent entrustment against Reyna; renew products-liability, negligence, and exemplary-damages claims against SMAI; reassert the wrongful-death claim and survival action against Brewski; and join SMAI and Reyna in the wrongful-death claim and survival action. (Doc. 43.) Because (1) the Court grants Brewskis' Motion to Designate, (2) Plaintiffs' First Motion for Leave to Amend was based on earlier discovery information, and (3) Plaintiffs' most recent argument is that the discovery process has since revealed that Reyna, Moore, and SMAI are in fact interested parties (Doc. 42), the Court assumes that Plaintiffs' Second Motion for Leave to Amend supersedes the First Motion for Leave to Amend.

Brewskis does not oppose either of Plaintiffs' motions to amend and Reyna does not oppose the second. However, SMAI filed a Motion to Dismiss in the event the Court grants Plaintiffs' Second Motion for Leave to Amend. (Doc. 47.)

### a.  Legal Standard

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat. Ass'n*, 734

F.3d 420, 422 (5th Cir. 2013) (per curiam) (unpublished). Rule 15(a) allows a party to amend its pleadings once as a matter of course within 21 days of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and courts must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The standard of 15(a) is a liberal one, and there is generally a presumption in favor of granting leave to amend. *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). As a result, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182.

Once a trial court imposes a scheduling order, however, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings. *Texas Indigenous Council v. Simpkins*, 544 Fed. App'x 418, 420 (5th Cir. 2013) (per curiam) (unpublished). Under Rule 16(b), once a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Accordingly, in order for the more liberal standard of Rule 15(a) to apply to a post-deadline amendment, a party "must show good cause for not meeting the deadline." *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (internal citation and quotation marks omitted). "The good-cause standard requires the 'party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama*, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan

Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Four factors are relevant in determining whether the movant has good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (internal citation and quotation marks omitted).

### b. Analysis

Because Brewskis' Motion to Designate was filed and granted after the Scheduling Order deadline and Plaintiffs' Second Motion to Amend is unopposed by Reyna, the Court finds good cause exists to allow Plaintiffs to respond to Brewskis' defensive strategy by asserting claims against Reyna. However, as SMAI points out in its Motion to Dismiss, on July 17, 2015, SMAI was dismissed from this case with prejudice. (Doc. 20). Plaintiffs did not appeal or seek reconsideration of this ruling. Accordingly, Plaintiffs may not now attempt to bring SMAI back into this case solely because the Court grants Brewskis' Motion to Designate SMAI as a responsible third party.

Chapter 33 is used only to assign liability in accordance with Texas's proportionate responsibility scheme. A designation of a party as a responsible third party does not by itself impose liability on a person. Tex. Civ. Prac. & Rem. Code § 33.004(i). Thus, as already mentioned in the context of Brewskis' Motion to Designate, even parties "'who are not subject to the court's jurisdiction or who are immune from liability to the claimant' can be designated responsible third parties under the statute." *Fisher*, 667 F.3d at 621–22 (quoting *In re Unitec Elevator Servs. Co.*, 178 S.W.3d at 58 n.5). As a result, the Court only grants Plaintiffs' Second Motion for Leave to Amend in part. Plaintiffs may assert claims against Reyna only. Any claims against SMAI are barred by the Court's prior dismissal of SMAI from this case. Accordingly,

SMAI's Motion to Dismiss is moot.

## IV. Conclusion

For the forgoing reasons, it is hereby

**ORDERED** that Brewskis' Motion for Leave to Designate Responsible Third Party (Doc. 36) is **GRANTED**. It is further

**ORDERED** that Plaintiffs' Motion for Leave of Court to File Plaintiffs' Third Amended Petition for Damages (Doc. 42) is **GRANTED IN PART and DENIED IN PART**. Accordingly, Suzuki Motor of America Inc.'s Rule 12(b)(6) Motion to Dismiss Based on Prior Dismissal with Prejudice (Doc. 47) and Plaintiffs' Second Motion for Leave to File Amended Pleading (Doc. 38) are **MOOT**. Plaintiffs are further

**ORDERED** to file an amended complaint that conforms with this Order within 21 days.

SIGNED at Houston, Texas, this 3rd day of August, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE